# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VINCENT A. ROZELL, | )<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 10-0169-CV-W-GAF<br>) Crim. No. 08-00175-01-CR-W-GAF |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

## ORDER DENYING MOVANT'S 28 U.S.C. § 2255 MOTION

Movant, Vincent A. Rozell, pleaded guilty and was sentenced for being a felon in possession of a firearm. Because Rozell had three prior "serious drug offenses," at least two of which occurred on occasions different from one another, as well as a conviction for a crime of violence pursuant to 18 U.S.C. § 924(e), he was sentenced as an armed career criminal to 188 months, eight months above the statutory mandatory minimum sentence of 15 years' imprisonment. Rozell now alleges that his counsel was ineffective for failing to file a direct appeal and for failing to raise a challenge to his classification as an armed career criminal.

On June 25, 2008, an indictment was returned in the Western District of Missouri charging Rozell with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Rozell entered a guilty plea on October 22, 2008, absent a plea agreement with the Government.

This Court ordered the United States Probation Office to prepare a presentence investigation report (PSR), and a final report was issued on February 20, 2009. The PSR determined that Rozell was an armed career criminal because he had three prior convictions for distribution, delivery, and manufacture of a controlled substance in Jackson County, Missouri, and a conviction of burglary

in Johnson County, Missouri. (PSR ¶ 27.) These are all felony crimes of violence or controlled substance offenses. The PSR calculated a base offense level 34, pursuant to § 4B1.4(b)(3)(A), the section of the United States Sentencing Guidelines which implements the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). This section also required a criminal history category of VI.[1] The PSR determined that Rozell had a Guidelines range of 188 to 235 months' imprisonment, and a statutory range of 180 months' to life imprisonment pursuant to § 924(e). On March 12, 2009, Rozell appeared before this Court for sentencing. On February 18, 2010, Rozell filed the instant motion seeking to set aside or correct his sentence.

In his motion, Rozell raises two grounds in support of his request to set aside his guilty plea and subsequent conviction. Rozell claims that (1) defense counsel was ineffective for failing to file a notice of appeal, and (2) there was an inappropriate application of the ACCA, as he had only two predicate felonies.

Rozell's allegations of ineffective assistance of counsel are governed by the standard set forth in **Strickland v. Washington, 466 U.S. 668 (1984)**. "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" ***Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995)** (*quoting Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of

---

[1] Both Rozell's Guidelines range and his criminal 1 history were based on his possession of a firearm described in 26 U.S.C. § 5845(a), i.e., a sawed-off shotgun. (PSR ¶¶ 27, 47.)

2

professionally competent assistance," ***Strickland*, 466 U.S. at 690,** while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"

***Lawrence*, 961 F.2d at 115 (*quoting Strickland*, 466 U.S. at 694).**

The review of counsel's performance is deferential and the presumption is that counsel was competent and effective. ***Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990)**. In evaluating counsel's conduct, the court should avoid "the distorting effects of hindsight," and concentrate on the circumstances as they appeared to counsel at the time. ***Strickland*, 466 U.S. at 689.**

Failure to satisfy both prongs is fatal to the claim. ***Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997)** (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); *see also **DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).**

To prove prejudice, Rozell must also show that the outcome would have been different had the alleged defect been corrected. This showing must include an analysis of the probability that the relief would have been granted by the court. *See **DeRoo*, 223 F.3d at 925** (if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice); ***Hill v. Lockhart*, 474 U.S. 52, 59 (1985)** (stating that resolution of the prejudice inquiry will depend largely on the likelihood of success if the alleged error were corrected).

Rozell first alleges that defense counsel failed to file a notice of appeal after Rozell specifically instructed that a notice of appeal be filed. A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of

3

section 2255." ***Estes v. United States,*** **883 F.2d 645, 648 (8th Cir. 1989) (citations omitted).** A showing of actual prejudice is not necessary. ***Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (*citing Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992)).**

Nevertheless, for a petitioner to succeed with such a claim, he must demonstrate that he made his desire to appeal evident to his attorney through an explicit instruction. ***See Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000)** ("[i]f counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal"); ***Barger*, 204 F.3d at 1182.** "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* **(citation omitted); see also Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (same).**

In this case, Rozell claims that counsel failed to file a notice of appeal after being instructed to do so. However, defense counsel, Ms. Holloman-Hughes, has by affidavit, stated that she received no request to file an appeal for Rozell. Counsel refutes Rozell's unsupported and bare assertion that he instructed her to file a notice of appeal.

Rozell presents nothing in the record to support his claim that he instructed defense counsel to file a notice of appeal. For example, Rozell does not point to a single specific conversation or correspondence where he requested counsel to appeal. Instead, Rozell simply makes a blanket statement that counsel failed to appeal. In order to make this claim that his attorney was ineffective by not filing a notice of appeal, Rozell must show that he made his desire to appeal evident to his attorney. ***Barger*, 204 F.3d at 1182.** Rozell has failed to make such a showing.

4

Rozell alleges that his attorney failed to argue that the Armed Career Criminal Act did not apply to him, and therefore counsel was ineffective. Rozell argues that his three convictions for distribution of a controlled substance arose from one case number and, his burglary conviction has a separate case number, so he has only two predicate convictions, not three as required by § 924(e). However, because two of the three distribution crimes took place on different dates, and satisfied the requirement of 18 U.S.C. § 924(e) that there be "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."

The Eighth Circuit has repeatedly rejected arguments similar to Rozell's, finding that they have "'no merit, for it is the criminal episodes underlying the convictions . . . that must be distinct to trigger the provisions of the ACCA.'" *United States v. Speakman*, **330 F.3d 1080, 1082 (8th Cir. 2003)** (*quoting United States v. Rush*, **840 F.2d 580, 581 (8th Cir. 1988.)**) Indeed, the Eighth Circuit has found that crimes occurring even minutes apart can qualify as separate offenses. *United States v. DeRoo,* **304 F.3d 824 (8th Cir. 2002)** (three burglaries committed within one hour of each other); *United States v. Hamell*, **3 F.3d 1187 (8th Cir. 1993)** (two assaults within 25 minutes of each other).

Rozell's convictions were based upon three narcotics sales to a confidential informant, one on November 22, 1999, and two on December 1, 1999. In *Speakman*, the Eighth Circuit found that narcotics sales taking place on March 23, 1989, April 13, 1989, and April 20, 1989, constituted three separate occasions different from one another. *Speakman*, **330 F.3d at 1082-83.** Since two of Rozell's drug offenses occurred on different dates, the acts of distributing controlled substances were "committed on occasions different from one another" and therefore, constituted two separate

5

offenses.² Consequently, these two drug offenses, along with Rozell's burglary conviction, results in him being properly qualified as an armed career criminal.

Once again, in defense attorney Ronna Holloman-Hughes's affidavit, she states that Rozell entered a guilty plea knowing the statutory minimum was 180 months. She also reviewed Rozell's PSR with him while he was in jail. He was ultimately sentenced to 188 months, the Guidelines minimum. As noted, Rozell's claims misinterpret the statutory provisions of § 924(e)(2)(A)(ii) and are erroneous statements of the law. Had defense counsel raised Rozell's current claim during sentencing, this Court would have denied the claim as contrary to the law. As a result, Rozell has failed to prove prejudice, because, even if he had raised this challenge, he would still have been designated as an armed career criminal.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." ***Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (2008)** (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" ***Id. (quoting Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007))*; *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003)** (a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact). As

---

²It is, of course, possible that the two s 2 ales on December 1, 1999, constituted different "occasions," however, that is not reflected in the record and was not necessary to determine Rozell's ACCA status.

the preceding discussion makes clear, Rozell's allegations are inadequate on their face and contradicted by the law and the record of the proceeding. Accordingly, an evidentiary hearing is not warranted.

A certificate of appealability should be issued only when there is a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See* **28 U.S.C. § 2253(c)(2);** *Slack v. McDaniel*, **529 U.S. 473, 484 (2000)**. Rozell makes no such showing.

WHEREFORE, for the reasons stated herein, Rozell's § 2255 motion is denied without having an evidentiary hearing and without issuance of a certificate of appealability.

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: May 19, 2010